Curia, per Earle, J.
The plaintiff derives title immediately from the sheriff, under-a sale made by order of the Court of Common Pleas for Horry, upon proceedings in partition, to which both the plaintiff and defendant were parties. The original summons, the writ and the return of the commissioners, were not produced; but on proof of a diligent search having been made in the public offices, where they should have been deposited, and the well founded belief of those who Had charge of the offices, that they were lost or destroyed, the entries in the sheriff’s books and the minutes of the court, were allowed to show that such proceedings had been had, that the summons had issued and been served, and that on its return and no cause shown to the contrary, a writ of partition had also been issued, directed to commissioners in the usual form. Supposing it necessary to go back beyond the order for the sale of the land upon the return of the commissioners, it is the opinion of the court that the evidence admitted was competent and sufficient. In Cook et al. v. Wood, 1 M'Cord. 139, slighter evidence, though of the same kind, as the title of the cause and an entry of the judge on an old docket, an old subpoena writ endorsed as of the same cause, were admitted' to prove that the plaintiff’s ancestor had formerly brought an action for the same land, which abated by the death of the plaintiff, so as to prevent the operation of the stat. of limitations in favor of the defendant. But it maybe well questioned,, whether it was necessary to produce more than the final order of the court, on the coming in of the commissioners return, for the sale of the premises. In England, the proceedings in partition, in cases where they are allowed at law, are as regular *238 and as formal as in any other suit; the summons, the declaration, the plea, the writ to the sheriff and the final judgment. Here there is less formality, and although it is to be regarded to all intents and purposes as a suit,- yet under the act giving jurisdiction at law, and the practice upon it, the plaintiffs or claimants are not required to declare, unless the defendants appear and resist the partition. In that case an issue becomes necessary, and the plaintiff must declare. The defendant here, when served with the summons, had the opportunity of setting up his title and making his full defence. He was called upon to show cause why the partition should not be made of the premises, as the estate of Jesse Smith, deceased. It was a suit involving his title to the land, and he cannot be allowed to make now the defence which he omitted to make then. The order for the sale is conclusive, as the judgment of a court upon the same subject matter and between the same parties. His defence should have been made before the writ of partition was ordered to issue; after that it was too late to plead, although I would not say, that under extraordinary circumstances, the court might not permit him to controvert the right. On the return of the commissioners, having been made a party in interest by service of process, it is a legal presumption that he had notice of all the subsequent proceedings, and supposing the chasm of two years to exist between the order directing ihe writ to issue, and the order allowing further time for the commissioners to make their return, it cannot have the effect of avoiding the judgment, whether we regard the order for the writ of partition to issue as the judgment, or the final order for the sale of the premises on the commissioners return. In either case, I should consider the final order confirming the return and ordering the sale, as curing any apparent irregularity in the previous proceedings. It is the act of the court itself, not of its ministerial officer, (as the renewing of an execution,) and must therefore be presumed to have been regular and legal. In this case, as in other cases, where the plaintiff claims under a sheriff’s deed it is only necessary to prove that the sheriff had authority to sell: a judgment is necessary to authorise a sale of land. In this case the order for the sale is the authority, and so long as the proceedings remain of force, can no more be avoided in this collateral *239 way than a formal judgment, regularly entered up and signed, could be avoided by showing that during the progress of the cause, there was a period of more than a year and a day, during which it was not on the docket at all, or was not preserved by regular continuances. If the order for the writ to issue be considered the judgment, as I think it should be, then the subsequent proceedings were only to carry it into execution, and regular continuances were not necessary. ■ The order of April term, 1831, extending the time for making the return, could not have been made without cause shown and notice to the parties, and must be allowed to have the same effect, which I have already said the final order of sale would have, of curing the previous irregularity, (even if continuances were necessary.) To allow judgments, or other proceedings of courts having the force and effect of judgments, thus to be averred against and avoided, would unsettle every thing, and would be a violation of all principle and a departure from all precedent. The proceedings in partition being proved by competent evidence, and being also found sufficiently regular, form a bar to the claim of title now set up by the defendant. The other objections to the plaintiff’s recovery need not be considered.
■Munro, for the motion.
The motion to set aside the verdict, and for a new trial, is dismissed.
Gantt, Richardson, Evans and Butter, Justices, concurred.